COBB, ERWIN & COBB; T. W. RUCKER; S. P. THURMOND, for plaintiff in error.

SPEER & THOMAS, for defendants.

---

WARREN J. CLARK, plaintiff in error, *vs.* JONATHAN PEARSON *et al.*, defendants in error.

Where the records of the inferior court of a certain county, when sitting for ordinary purposes, show that administration was granted on the estate of "Jonathan Pearson, late of this county; deceased ;" and it appears in proof that the Jonathan Pearson, who is the party plaintiff in the action on trial, was a resident of such county a few years prior to the grant of administration :

*Held,* that there was *prima facie* evidence of the identity of the deceased person with the plaintiff; and the force of such evidence is strengthened, when it is not answered by the plaintiff, or by those who use his name for the assertion of their claims.

Ejectment. New trial. Newly discovered evidence. Before Judge HOPKINS. DeKalb Superior Court. March Term, 1874.

This case was a common law action of ejectment in the name of Doe, upon the demises of William Ezzard, as executor of Merrell Collier, deceased, and of Eli J. Hulsey,

Clark *vs.* Pearson *et al.*

against Roe, and Warren J. Clark, tenant in possession, for a portion of a lot of land in DeKalb county. The suit was commenced on March 4th, 1872. At the September term, 1873, a demise was added in the name of Jonathan Pearson, in reference to which evidence was alone introduced upon the trial, and upon which the plaintiffs solely relied for a recovery. The defendant pleaded the general issue and the statute of limitations.

The jury found for the plaintiffs. The defendant moved for a new trial upon the following, among other grounds:

Because the defendant has discovered since the trial of said case, that he can show by the records of the court of ordinary of Wilkinson county, and other competent evidence, that Jonathan Pearson died in the year 1839 or 1840.

In support of this ground were the usual affidavits of defendant and his counsel as to diligence, etc. Also the affidavit of Wiley Holland, made in Wilkinson county, to the effect that he knew Jonathan Pearson in his lifetime, and that he died in 1839 or 1840. Also an exemplification from the records of the inferior court of Wilkinson county, sitting for county purposes, showing the appointment of Joel Rivers, as administrator upon the estate of Jonathan Pearson, deceased, on March 2d, 1840.

The title upon which the plaintiff relied for a recovery, was a grant from the state to Jesse Brown, Sr., of Wilkinson county, of date January 13th, 1826, and a deed from said Brown to Jonathan Pearson, of the same county, of date January 14th, 1826.

The court overruled the motion upon the ground that the newly discovered evidence would not probably have changed the result. To which ruling the defendant excepted.

L. J. WINN; HILLYER & BROTHER, for plaintiff in error.

WILLIAM EZZARD, for defendants.

---

Clark *vs.* Pearson *et al.*

---

TRIPPE, Judge.

The recovery was had on the demise of Jonathan Pearson. The motion for a new trial is on the ground that Pearson was dead at the time of trial, and that the fact was not known to the defendant until afterwards. The question in the case is, was there such proof of the identity of Jonathan Pearson, the plaintiff, with the one proven to be dead, as to entitle the movant to a new trial, or to set aside the verdict. The deed introduced by plaintiff below from the drawer to Jonathan Pearson, describes Pearson as residing in Wilkinson county, in 1826. It is true, that the affidavit of Holland does not state that the Jonathan Pearson he knew resided in Wilkinson county. But he does say that he died in 1839 or 1840, and his affidavit was made in Wilkinson. Then comes the record of the court of ordinary of Wilkinson county, showing that administration was granted on 2d *March*, 1840, on the estate of Jonathan Pearson, late of said county, deceased. Here there was identity of name and residence, and where such proof was not answered by the plaintiff or those who were using his name, the force of it was greatly strengthened. If the real Jonathan Pearson, in whose name the recovery was had, was living, it was a matter of easy proof, at least, by himself or his counsel, or those who used his name to assert their rights. A judgment cannot be rendered in the name of a deceased person without representation. We think, without any counter-proof, the testimony was *prima facie* sufficient: See 5 Cowan, 237; 9 *Ibid.*, 140; 13 Johns., 518; 4 Doug., 33; 9 M. and W., 75; 4 T. R., 28; 2 Green. Ev., section 278. We are, therefore, of opinion that the new trial should have been granted.

Judgment reversed.